DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

FLAGSTAR BANK, FSB,            )
                               )
         Plaintiff,            )
                               )
    v.                         )   Civil No. 2019-12
                               )
VIRGINIA L. SPENCER            )
                               )
         Defendants.           )
                               )

APPEARANCES:

**A.J. Stone , III**
**Adam Nicholas Marinelli**
Bolt Nagi PC
St. Thomas, U.S.V.I.
   *For Flagstar Bank, FSB.*

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of Flagstar Bank, FSB, for default judgment.

### I. FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. Virginia Spencer ("Spencer") is the record owner of property described as

   > Parcel Nos. 80 Remainder and 81A Water Island (La Providence), No. 10 Southside Quarter, St. Thomas, U.S. Virgin Islands as shown on O.L.G. No. D9-8775-T013 dated 05-24-2013.

   (the "Property"). *See* Deed at 1, ECF No. 14-1.

2. Spencer is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

3. On or about September 4, 2015, Spencer borrowed $410,000 from Cliffco, Inc. d/b/a Cliffco Mortgage Bankers, a Corporation ("Cliffco").

4. On September 4, 2015, Spencer executed and delivered a promissory note (the "Note") to Cliffco in which she promised to pay Cliffco the principal sum of $410,000, plus interest at a rate of 4.75% per annum in monthly installments. The Note provides that any monthly payment that is not received by the end of 15 calendar days after the date that it is due shall be subject to a late fee that is calculated as 5% of any overdue payment of principal and interest.

5. The Note provides that Spencer will be in default by failing to pay an installment. In the event of default, the Note holder may elect to send Spencer a notice of default requiring Spencer to pay the overdue amount by a date at least 30 days after the notice of default is sent. If Spencer does not pay the overdue amount by the date set by the notice of default, at the election of the Note holder, the Note will be become due and payable in its entirety.

6. On September 4, 2015, Spencer delivered to Cliffco a real estate mortgage (the "Mortgage") encumbering the Property and securing the Note. The Mortgage is attached to the Property. Pursuant to the Mortgage, Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for Cliffco and Cliffco's successors and assigns, is the mortgagee. MERS has the right to foreclose on the Property in the event of a default on the Note.

7. On September 9, 2015, the Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2015005963.

8. On January 12, 2018, MERS, as nominee for Cliffco, assigned the Mortgage to Flagstar Bank, FSB ("Flagstar"). That assignment was recorded on February 9, 2018, at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2018000977.

9. On or about September 1, 2018, Spencer failed to pay an installment on the Note when it became due. Spencer has failed to pay all subsequent payments.

10. On October 17, 2018, Flagstar sent a notice of default to Spencer at her address. The notice of default advised Spencer that failure to cure the default may result in acceleration of the debt and foreclosure of the mortgage

      lien. The notice of default also provided that Spencer had until November 16, 2018, to pay the full amount of the default.

11. Spencer made no further payments on the Note.

12. On March 11, 2019, Flagstar initiated this action against Spencer to enforce the terms and conditions of the Note and Mortgage. In its complaint, Flagstar declared the entire amount of indebtedness due and payable immediately.

13. On March 29, 2019, Spencer was personally served with the summons in this matter. On April 24, 2019, Flagstar filed proof of service on Spencer on the Court's docket.

14. Spencer has not filed her answer to the complaint or otherwise appeared in this action. On May 22, 2019, the Clerk of Court entered default against Spencer.

15. On August 30, 2019, Flagstar moved for entry of default judgment.

16. Spencer is in default on the Note. As of July 16, 2019, Spencer is in debt to Flagstar in the principal amount of $391,266.30; plus interest on the Note in the amount of $17,800.13; escrow advances in the amount of $731.71; accumulated late charges in the amount of $947.46; inspections or other property preservation fees and charges in the amount of $153; and other fees in the

amount of $30. Interest continues to accrue on the Note in the amount of $50.92 per diem. As of July 16, 2019, the total amount of Spencer's indebtedness to Flagstar under the Note is $410,928.60.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## III. ANALYSIS

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The facts found by the Court establish each of the elements for a debt and foreclosure claim.

The premises considered, it is hereby

**ORDERED** that the motion of Flagstar for default judgment docketed at ECF No. 13 is **GRANTED**; it is further

**ORDERED** that Flagstar shall recover from Spencer the principal amount of $391,266.30; plus interest on the Note in the amount of $17,800.13; escrow advances in the amount of $731.71; accumulated late charges in the amount of $947.46; inspections or other property preservation fees and charges in the amount of $153; and other fees in the amount of $30. Interest continues to accrue on the Note in the amount of $50.92 per diem until the date of judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the Mortgage, and any liens on the Property subsequent to the recording of the First Mortgage are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code. Second, the proceeds of such sale shall be applied toward satisfaction of this Judgment in favor of Flagstar, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by Flagstar for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Third, the proceeds of such sale shall be applied toward the satisfaction of such liens as required by Virgin Islands law. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:
    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.
    b. Flagstar may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.
    c. The terms of the sale as to all other persons or parties bidding shall be cash.
    d. The successful bidder on the Property shall be required to deposit with the United States Marshal

    cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

  e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. Flagstar shall have any and all writs necessary to execute the terms of this Judgment.

4. Spencer shall be liable to Flagstar for any deficiency remaining after the sale of the Property; it is further

 **ORDERED** that the trial setting in this matter is **VACATED**; it is further

 **ORDERED** that all pending motions are **MOOT**; and it is further

 **ORDERED** that the Clerk of Court shall **CLOSE** this case.


          S\_____
           **Curtis V. Gómez**
           **District Judge**