## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cv-0012 |
| ) | |
| **VIRGINIA SPENCER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is the motion of Flagstar Bank, FSB ("Flagstar") that seeks attorneys' fees and costs (the "fee petition") from Virginia Spencer ("Spencer"). (ECF No. 22.) For the reasons stated below, the Court will grant Flagstar's fee petition.

Flagstar's fee petition seeks an award of attorneys' fees in the amount of $5,175 and compensable costs in the amount of $283.

The Court referred Flagstar's fee petition to the Magistrate Judge for a Report and Recommendation. On June 25, 2020, the Magistrate Judge issued her Report and Recommendation. (ECF No. 30.) The Magistrate determined that the requested attorneys' fees are reasonable. In addition, the Magistrate determined that the requested costs are reasonable and recoverable under 5 V.I.C. § 541(a). As such, the Magistrate Judge recommends that the Court grant Flagstar's fee petition in full.

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When no objection to a magistrate's report and recommendation is made the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it,

we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

Here, the parties did not file any objections to the Magistrate's Report and Recommendation within 14 days after service. As such, the Court reviews for plain error.

Having reviewed the record and the Report and Recommendation for plain error, the Court finds that the Magistrate Judge addressed the dispositive legal issues in a manner consistent with applicable law. The Court finds no error, let alone plain error, in the Report and Recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation (ECF No. 30) is **ADOPTED**; it is further

**ORDERED** that the motion for attorneys' fees and costs (ECF No. 22) is **GRANTED**; it is further

**ORDERED** that Spencer shall be liable to Flagstar for attorneys' fees in the amount of $5,175; and it is further

**ORDERED** that Spencer shall be liable to Flagstar for costs in the amount of $283.

**Date:** July 10, 2020         s/     *Robert A. Molloy*
                                **ROBERT A. MOLLOY**
                                **District Judge**